NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 22, 2013[*]
Decided March 25, 2013

**Before**

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-2288

| | |
|---|---|
| SABEEL C. EL-BEY, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 4949 |
| VILLAGE OF SOUTH HOLLAND, et al., *Defendants-Appellees.* | Harry D. Leinenweber, *Judge.* |

**O R D E R**

Sabeel El-Bey appeals from the district court's dismissal of his complaint under 42 U.S.C. § 1983 alleging that his arrest for trespassing was unlawful because the house in question belonged to him. We affirm.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

El-Bey alleged that he suffered violations of his civil rights in connection with two incidents at a house in South Holland, Illinois, for which he claims to have a "deed" granted by the Moorish Science Temple. First he alleged liability for the towing of a Volkswagen vehicle from the home's garage. According to police records attached to the complaint, El-Bey went to the local police station to complain about the towing and was told that the county's deed records showed that he did not own the property. A short time later, police received a complaint from a neighbor that a man resembling El-Bey had entered the home. Police then contacted the homeowner whose name appeared in the county's deed records, Adolph Clark, who gave them permission to enter the home. This led to the second incident, in which South Holland police, backed up by Riverdale and Dolton police, forcibly entered the home, threatened El-Bey at gunpoint, directed him to the ground, and seized his personal property. El-Bey was subsequently charged with criminal trespass, though the charges were eventually dropped. Police boarded up the home to prevent El-Bey from returning. El-Bey in turn sued the Village of South Holland and a number of others for illegal search of his "home," illegal seizure of his car and some personal items, false arrest, excessive force in his arrest, and due process violations.

The defendants moved to dismiss the complaint for failure to state a claim, and in support submitted copies of public records maintained by the Cook County Recorder of Deeds showing the chain-of-title for the house. The defendants also cited to two national news articles recounting a trend of phony deeds being recorded and invoking the name of the Moorish Science Temple. *See* Anjelica Tan & Susan Chandler, *Think you Own Your House? Check the Deed, N.Y.Times,* Apr. 27, 2011, http://www.nytimes.com/2011/08/28/us/28cncmortgage.html; The Associated Press, *Bogus Court Filings Spotlight Little-Known Sect, USA Today,* July 28, 2011, http://usatoday30.usatoday.com/news/religion/2011-07-28-moorish-temple_n.htm.

The district court granted the defendants' motion to dismiss. Regarding the allegations of an illegal search, the court found that El-Bey's own filings undermined any claim that he has a legitimate expectation of privacy in the premises; the court referred specifically to a recent title insurance company's report confirming that title to the property rested with Adolph Clark. The court also noted the police's admonition to El-Bey before his arrest that, according to the county's deed records, he was not the lawful owner of the property. Regarding the allegations of illegal seizure, the court found that El-Bey could not state a claim for (1) false arrest because, as reflected in the police reports, the police had probable cause to investigate a report from an eyewitness of trespassing, or (2) unlawful seizure of the car and belongings because El-Bey never alleged the absence of probable cause. As for excessive force, the court found that the force alleged was not unreasonable, given the background information about El-Bey already known by the police as reflected in the police reports. Finally, the court found that El-Bey could not state a due-process claim

for any loss of his personal property because he did not suggest that state remedies were unavailable.

On appeal El-Bey does not contest the district court's substantive analysis of his constitutional claims, but urges that the district court's consideration of evidence outside the pleadings should have led it to convert the defendants' motion to dismiss into one for summary judgment. *See* FED. R. CIV. P. 12(d). El-Bey, however, misapprehends the nature of the court's review. In considering a motion to dismiss for failure to state a claim, a district court may consider any facts set forth in the complaint that undermine the plaintiff's claim, including exhibits attached to the complaint. *See* FED. R. CIV. P. 10(c); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2012). The district court here appropriately considered the police reports that El-Bey attached to his complaint, as well as the title insurance report that he attached to his response to defendants' motion to dismiss, *Geinosky v. City of Chicago,* 675 F.3d 743, 745–46 n.1 (7th Cir. 2012), and the public records submitted by the defendants showing the property's chain-of-title, *Ennenga v. Starns,* 677 F.3d 766, 773–74 (7th Cir. 2012); *Iowa Tribe of Kansas & Neb. v. Salazar,* 607 F.3d 1225, 1229 n.2 (10th Cir. 2010).

El-Bey's remaining arguments are without merit and do not warrant discussion.

                                                                                    **AFFIRMED**.